

**U.S. Department of Justice**

*Scott C. Blader*
*United States Attorney*
*Western District of Wisconsin*

Telephone 608/264-5158
TTY 608/264-5006
Administrative Facsimile 608/264-5183
Civil Division Facsimile 608/264-5724
Criminal Division Facsimile 608/264-5054

Address:
222 West Washington Avenue
Suite 700
Madison, Wisconsin 53703

DOCKET NO._____
U.S. DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

December 11, 2018

DEC 1 2 2018

Stephen P. Hurley
Hurley Burish, S.C.
33 East Main Street, Suite 400
Madison, Wisconsin 53703

FILED
PETER OPPENEER, CLERK

Re:   United States v. Farooq Shahzad    18-CR-169-JDP

Dear Attorney Hurley:

This is the proposed plea agreement between Farooq Shahzad (the "defendant") and the United States in this case.

1.   The defendant agrees to waive indictment and plead guilty to the two-count information filed by the United States Attorney's Office. Count 1 charges a violation of Title 21, United States Code, Section 846, which carries maximum penalties of 20 years in prison, a $1,000,000 fine, at least a three-year period of supervised release and up to life, and a $100 special assessment. Count 2 charges a violation of Title 18, United States Code, Section 2342, which carries maximum penalties of 5 years in prison, a $250,000 fine, a three-year period of supervised release, a $100 special assessment, and entry of an appropriate restitution order. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

2.   The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

December 11, 2018
Page 2

    3.    The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

    4.    The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement, and the defendant's efforts to make the agreed-upon immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. **This proposed plea agreement, and the United States' agreement to recommend acceptance of responsibility, is contingent on the defendant returning the signed plea agreement to the United States by December 12, 2018.**

    5.    The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

    6.    Based upon evidence currently known to the United States, the parties agree to recommend to the Court the following Sentencing Guidelines calculation. The defendant understands that the Court is not required to accept the parties' recommendation. Pursuant to USSG § 2D1.1, the base offense level for Count 1 is 14, and pursuant to USSG § 2E4.1, the base offense level for Count 2 is also 14. A six-level

December 11, 2018
Page 3

increase pursuant to §§ 3B1.1(a) and 3C1.1(a), applies only to Count 1. Finally, a three-level decrease pursuant to § 3E1.1 for acceptance of responsibility applies to both counts. Pursuant to § 3D1.3(b), the resulting adjusted guideline offense level is 17. As part of the recommended guideline calculation, the defendant agrees that the conduct in Count 1 involved "synthetic cannabinoids," as that term is used in USSG § 2D1.1, Application Note 8(D). Furthermore, the parties agree that based on the preponderance of currently available evidence, the conduct charged in Count 1 and relevant conduct attributed to the defendant under USSG § 1B1.3 involved 69.215 grams of synthetic cannabinoids. The parties further agree that based on the preponderance of currently available evidence, the conduct charged in Count 2 and relevant conduct attributed to the defendant under USSG § 1B1.3 resulted in more than $40,000 but less than $100,000 in excise tax losses.

7. The defendant, on his own behalf and on behalf of Capitol One Real Estate LLC, agrees that the property located at 3505 East Washington Avenue in Madison, Wisconsin, Tax Parcel Number: 251/0810-324-0101-0 ("EW Mobil") was used to facilitate the commission of the offense charged in Count 1. Therefore, EW Mobil is subject to forfeiture pursuant to Title 21, United States Code, Section 853, whether in the possession or control of the defendant or defendant's nominee. The defendant agrees to pay the sum of $625,000 to the United States in lieu of the forfeiture of EW Mobil, no later than seven days before the sentencing hearing. Upon receipt of the payment, the United States agrees to release the property of the defendant and Capitol One Real Estate LLC from any claims of forfeiture arising from the conduct charged in Count 1. If necessary to effect payment under this Paragraph, the defendant agrees to consent to an order of forfeiture of the $625,000 and waives the requirement of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

8. In the event that the defendant fails to pay the United States the sum in Paragraph 7, the defendant agrees to consent to an order of forfeiture of EW Mobil and waives the requirement of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Furthermore, the defendant agrees to pay lien holders the amounts necessary to release any secured interest in EW Mobil.

9. The defendant, on his own behalf and on behalf of Capitol One Real Estate LLC, knowingly and voluntarily (1) waives his right to a jury trial on the forfeiture of the assets identified above; (2) waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding; (3) waives any

December 11, 2018
Page 4

jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and waives any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States, the State of Wisconsin, or its subdivisions.

10. The defendant agrees to pay restitution for all losses relating to the offense charged in Count 2 and all losses covered by the same course of conduct or common scheme or plan as the offense charged in Count 2. The exact restitution figure will be agreed upon by the parties prior to sentencing or, if the parties are unable to agree upon a specific figure, restitution will be determined by the Court at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately after entry of the restitution judgment. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately after entry of the restitution judgment.

11. The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant also authorizes the U.S. Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents. Finally, the defendant understands, as set forth in Paragraph 5 above, that the United States' agreement to recommend a reduction for acceptance of responsibility will be based, in part, on the defendant's full and truthful accounting, and efforts to make the agreed-upon immediate restitution payments.

12. In addition to any term of imprisonment imposed by the Court, the defendant and the United States agree to jointly recommend a sentence of a fine of $1,000,000 for the conduct charged in Count 1.

13. The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this case. By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction and any sentence of imprisonment that is less than 36 months, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

14. In the event of an appeal by either party, the United States reserves the

December 11, 2018
Page 5

right to make arguments in support of or in opposition to the sentence imposed by the Court.

15.　The defendant understands that other than that specifically set forth in this plea agreement, sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

16.　If your understanding of our agreement conforms with mine as set out above, please return the signed plea agreement to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

17.　By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case.

18.　All plea agreements must be approved by the United States Attorney or his designee. This plea proposal has not yet been approved. Consequently, I have not signed this proposed plea agreement and the final acceptance is conditioned upon supervisory approval. If you have any questions or need any additional information, please feel free to contact me.

　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　SCOTT C. BLADER
　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　By:

12/12/18
_____
Date

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　ANTONIO M. TRILLO
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

December 11, 2018
Page 6

_____   12.11.18
STEPHEN P. HURLEY               Date
Attorney for the Defendant

_____   12-11-18
FAROOQ SHAHZAD                  Date
Defendant

Enclosure