IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

               Plaintiff,

v.

FAROOQ SHAHZAD,

               Defendant.

ORDER

18-cr-169-jdp

---

     Defendant, through counsel, requests that I recommend to the Bureau of Prisons that Shahzad serve the balance of his sentence in a residential reentry center or on home confinement. Dkt. 63.

     In criminal cases, I commonly recommend pre-release placement in a residential reentry center because many defendants lack resources and will need assistance with community reintegration. Any recommendation I make is non-binding, as provided under 18 U.S.C. § 3621(b)(5). But I made no such recommendation here, because Shahzad had no programming or treatment needs, the sentence was relatively short, and he did not lack the resources to reintegrate into the community.

     Shahzad makes two arguments for pre-release placement. First, his incarceration is unexpectedly difficult because his institution is on lock-down because of the risk of the Coronavirus infection. This sounds like an appeal for compassionate release under the CARES Act, but Shahzad would not qualify for that relief for several reasons, one of which is that he makes no claim to any specific medical vulnerability. The current lock-down is a hardship, to be sure, but not a reason to shorten a term of incarceration.

The second argument is that Shahzad's business is suffering without his management. I was, of course, aware that Shahzad's incarceration would impose a hardship on his businesses when I sentenced him. None of us anticipated the Coronavirus pandemic, which has hit lots of businesses very hard. And Shahzad has lost two managers during his incarceration. That wasn't specifically anticipated at sentencing, but the loss of key personnel is an ordinary problem that business have to deal with from time to time.

As I explained at Shahzad's sentencing (the transcript is at Dkt. 55), the primary purpose of the term of incarceration was to provide appropriate punishment, promote respect for the law, and to send a message of general deterrence. I assumed that Shahzad was unlikely to reoffend, so public protection by incapacitation or specific deterrence was not a factor.

Placing Shahzad in a residential reentry center, when he has no need for reentry support, would unnecessary burden a reentry center at a particularly difficult time. And allowing Shahzad to spend the final year of his 30-month sentence in a residential reentry center or on home confinement would undermine the purpose of his sentence.

I decline to make the requested recommendation. I leave the matter of Shahzad's pre-release placement to the discretion of the BOP. But I will add this: in view of the complications posed by the Coronavirus, pre-release placement of up to six months on home confinement would not unduly undermine the effectiveness of Shahzad's sentence.

Entered April 29, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge